UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IVAN LEE MATTHEWS II,
CDCR #BZ-9335,
Plaintiff,
vs.
CALIPATRIA STATE PRISON, et al., CALIPATRIA, et al., CDCR and WARDEN ARIAS,
Defendants.

Case No.: 26-cv-4486-AJB-SBC

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

**(Doc. No. 1)**

Plaintiff Ivan Lee Matthews, II ("Plaintiff"), who is proceeding without counsel and incarcerated at Calipatria State Prison in Calipatria, California, has filed a civil rights Complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff seeks to hold the prison, its owners, its Warden, the city, state and county where the prison sits, and the California Department of Corrections and Rehabilitation liable for past instances of the use of excessive force, denial of religious meals, disciplinary actions for failing to show up at work due to medical issues, and inadequate laundry services, for which he seeks money damages. (*Id.* at 4–6.) He has not paid the civil filing fee required by 28 U.S.C. § 1914(a) and is not entitled to proceed *in forma pauperis* ("IFP"). Therefore, the Court **DISMISSES** his case.

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay this filing fee only if the party is granted leave to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff did not pay the $405 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit, nor has he filed an application seeking leave to proceed IFP. Therefore, this civil action cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while the Court would ordinarily grant an unrepresented litigant leave to file an IFP application pursuant 28 U.S.C. § 1915(a), it finds doing so in this case would be futile. This is because, as explained below, Plaintiff's litigation history shows he is no longer entitled to that privilege, and his Complaint contains no plausible allegations of imminent danger of serious physical injury at the time of filing.

### A. Section 1915(g)'s Three-Strikes Rule

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $52 administrative fee does not apply to persons granted IFP status under 28 U.S.C. § 1915(a). *Id.*

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[I]t does not matter whether [plaintiff] might have stated a claim. What matters is that he did not do so."). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25.

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B. Plaintiff's Prior "Strikes"**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances. A review of district court dockets on PACER confirms Plaintiff is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under § 1915(g). *Hoffman*, 928 F.3d at 1152.

Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The following records are sufficient to show Plaintiff has incurred at least three qualifying strikes:

(1) *Matthews v. Pistone, et al.*, No. 04-cv-3712-JSW, 2005 WL 2671386, at *3 (N.D. Cal. Oct. 19, 2005) (order dismissing complaint without leave to amend for failure to state a claim pursuant to 28 U.S.C. §1915A) (strike one);

(2) *Matthews v. Alameida*, No. 05-cv-0016-OWW (SMS) (E.D. Cal. Mar. 29, 2006) (order adopting R&R and dismissing complaint for failure to obey court order and failure to state a claim (Doc. No. 24)) (strike two); and

(3) *Matthews v. Los Angeles Sheriff's Dept., et al.*, No. 25-cv-1766-RGK (AGR) (C.D. Cal. Mar. 5, 2025) (order dismissing complaint for failure to state a claim (Doc. No. 4)) (strike three).

Accordingly, Plaintiff has accumulated at least three "strikes" as defined by § 1915(g). Because Plaintiff accumulated these prior qualifying strike dismissals while incarcerated, and as discussed below, fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action.[2] *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP

---

[2] In fact, Plaintiff has been denied IFP privileges pursuant to § 1915(g) in the Southern District of California before. *See Matthews v. California, et al.,* Case No. 25cv2012-DMS-AHG (S.D. Cal. Sept. 17, 2025) (Order denying motion to proceed IFP as barred by 28 U.S.C. § 1915(g) and dismissing civil action for failure to pay filing fee required by 28 U.S.C. § 1914(a)) (Doc. No. 3).

status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### C. Imminent Danger Exception

In order to meet § 1915(g)'s exception, Plaintiff's Complaint must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, Case No. 3:21-cv-00347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

Plaintiff's Complaint does not contain any plausible allegations to suggest he was in "imminent danger" at the time he filed it. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, he claims that in August and December of 2025, and January of 2026, the laundry service did not comply with institutional policies, he was issued disciplinary reports for failing to show up at work due to medical issues, he was denied religious meals, and excessive force was used during a strip search, and he seeks $900 billion in damages. (*See* Doc. No. 1 at 3–8.) Plaintiff's Complaint contains no "plausible allegations" to suggest he faced "'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

"The right to proceed *in forma pauperis* is not an unqualified one. [. . .] It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Thus, because Plaintiff's litigation history shows he is one of those prisoners, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, he is not entitled to proceed IFP in this action. *See Cervantes*,

493 F.3d at 1055.

## II. CONCLUSION

For the reasons explained, the Court **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a); **DENIES** Plaintiff leave to file a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g); **CERTIFIES** that any IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: August 7, 2026

Hon. Anthony J. Battaglia
United States District Judge